UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE: RICHARD C. WEILAND, JR.                CASE NO. 10-14415-DWH
                                                       CHAPTER 7

RICHARD C. WEILAND, JR.                                PLAINTIFF

VERSUS                                        ADV. PROC. NO. 11-01002-DWH

STATE OF MISSISSIPPI
DEPARTMENT OF REVENUE                                  DEFENDANT

OPINION

On consideration before the court is a motion for summary judgment filed by the Mississippi Department of Revenue, f/k/a Mississippi State Tax Commission, ("MDR"); a response to said motion having been filed by the plaintiff, Richard C. Weiland, Jr., ("debtor"); and the court, having heard and considered same, hereby finds as follows, to-wit:

I.

The court has jurisdiction of the parties to and the subject matter of this adversary proceeding pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157. This is a core proceeding as defined in 28 U.S.C. §157(b)(2)(I).

II.

The debtor filed for relief pursuant to Chapter 7 of the United States Bankruptcy Code on September 13, 2010. MDR was listed on Schedule D as a creditor holding a secured claim. The debtor's complaint states that he owes MDR pre-petition taxes, penalties, and interest in the approximate amount of $39,140.00. On October 15, 2009, MDR enrolled lien No. 51811430 for

2002 income taxes in the amount of $25,124.00, and on November 10, 2009, MDR enrolled lien No. 51726658 for 2005 income taxes in the amount of $11,754.72. Therefore, the debtor's outstanding liability as of the petition date according to MDR was $39,140.00, plus interest at 12% per annum.

The debtor filed his complaint to determine the dischargeability of the 2002 and 2005 taxes asserting that the debts were "dischargeable pursuant to 11 U.S.C. §523(a)(1)(A), (B), and (C) and/or §507(a)(3) or §507(a)(8) and/or other applicable Sections of the bankruptcy code."[1] The complaint is based on the premise that the taxes are dischargeable because they were due more than three years before the date that the debtor's bankruptcy petition was filed.

To the contrary, MDR asserts that the taxes for these two years are non-dischargeable. The debtor's 2002 income tax return was due April 15, 2003. Pursuant to a certificate furnished by MDR, J. Ed Morgan, the MDR Commissioner of Revenue who is the official custodian of all MDR records, certified that there was no record indicating that a Mississippi income tax return for the 2002 tax year was filed by the debtor. Also, pursuant to an affidavit furnished by MDR, Lisa Chism, the MDR Individual Income Tax Director, advised that MDR's records reflect that the debtor ultimately filed his 2005 income tax return on June 4, 2007. Ms. Chism further asserted that the latest date allowed for the timely filing of 2005 income tax returns was April 15, 2007. Mississippi tax payers, such as the debtor, were granted a one year extension to file their 2005 returns from April 15, 2006, because of the effects of Hurricane Katrina.

---

[1] Hereinafter, all Code citations will be considered as sections of the U.S. Bankruptcy Code unless specifically designated otherwise.

III.

Summary judgment is properly granted when pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Bankruptcy Rule 7056; Uniform Local Bankruptcy Rule 18. The court must examine each issue in a light most favorable to the nonmoving party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Phillips v. OKC Corp.*, 812 F.2d 265 (5th Cir. 1987); *Putman v. Insurance Co. of North America*, 673 F.Supp. 171 (N.D. Miss. 1987). The moving party must demonstrate to the court the basis on which it believes that summary judgment is justified. The nonmoving party must then show that a genuine issue of material fact arises as to that issue. *Celotex Corporation v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.29 265 (1986); *Leonard v. Dixie Well Service & Supply, Inc.*, 828 F.2d 291 (5th Cir. 1987), *Putman v. Insurance Co. of North America*, 673 F.Supp. 171 (N.D. Miss. 1987). An issue is genuine if "there is sufficient evidence favoring the nonmoving party for a fact finder to find for that party." *Phillips*, 812 F.2d at 273. A fact is material if it would "affect the outcome of the lawsuit under the governing substantive law." *Phillips*, 812 F.2d at 272.

IV.

Mississippi law requires individuals to file their income tax returns by April 15th in the following year after the taxes are due. Miss. Code Ann. §27-7-41 (1980). Extensions to that deadline may be granted. Miss. Code Ann. §27-7-50 states in pertinent part:

3

> The Commissioner may grant a reasonable extension of time beyond the statutory due date within which to file any return required by this Chapter when it is shown to the satisfaction of the Commissioner that good cause for such extension exists. The Commissioner may, in his discretion, automatically recognize extensions of time authorized and granted by the Internal Revenue Service for the filing of a tax return.

Miss. Code Ann. §27-7-50.

Section 523(a)(1)(B) provides as follows:

> (a) A discharge under section 727, 1141, 1228(a) 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt-
>    (1) for a tax or a customs duty-
>    . . . .
>        (B) with respect to which a return, or equivalent report or notice, if required-
>           (i) was not filed or given; or
>           (ii) was filed or given after the date on which such return, report, or notice was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition; or

As a part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), §523(a) of the Bankruptcy Code was amended, effective October 17, 2005. It specifically added the following definition of "return" in an unnumbered paragraph inserted immediately after §523(a)(19), to-wit:

> For the purposes of this subsection 'return' means a return that satisfies the requirements of applicable non-bankruptcy law (including applicable filing requirements). Such term includes a return prepared pursuant to §6020(a) of the Internal Revenue Code of 1986, or a similar state or local law, or a written stipulation to a judgement or a final order entered by a non-bankruptcy tribunal, but does not include a return made pursuant to §6020(b) of the Internal Revenue Code of 1986, or a similar state or local law.

11 U.S.C. §523(a).

Based on the uncontradicted certificate executed by J. Ed Morgan, which was attached as an exhibit to MDR's answer, the debtor did not file a tax return for the 2002 tax year. Therefore, the amount owed by the debtor for the 2002 tax year is non-dischargeable pursuant to

§523(a)(1)(B)(i).

Pursuant to §§27-7-41 and 27-7-50 of Miss. Code Ann., the debtor did not timely file his 2005 Mississippi income tax return that was due on April 15, 2007. This is established by the undisputed affidavit of Lisa Chism. While his 2005 tax return was indeed filed, it was over six weeks late. "The definition of "return" in amended §523(a) means that a late filed return can not qualify as a return for dischargeability purposes because it does not comply with the "applicable non-bankruptcy law 'including applicable filing requirements'." *See, Creekmore v. Internal Revenue Service*, 401 B.R. 748, 751 (Bankr. N.D. Miss. 2008); *McCoy v. Miss. State Tax Comm.*, 3:09-cv-575 (S.D. Miss. February 8, 2011). That part of the debt for the 2005 tax year is non-dischargeable pursuant to §523(a)(1)(B)(ii), and the last unnumbered paragraph of §523(a) for the filing of an untimely return.

The court would point out that the debtor's statements that he is of information and belief that his 2002 state tax return was timely filed, and that extenuating circumstances exist regarding the filing of his 2005 return because of Hurricane Katrina, are insufficient to meet the standard that this court is required to follow in determining whether there are **genuine** issues of material fact remaining in dispute. The debtor is required to offer some credible evidence rather than unsubstantiated conclusory statements to overcome MDR's motion for summary judgment, which is supported by sworn documentation.

This court is of the opinion that there are no genuine issues of material fact remaining in dispute in this proceeding. As such, the court concludes that MDR's motion for summary judgment is well taken.

A separate order will be entered consistent with this opinion to the effect that the tax indebtedness owed by the debtor to MDR is non-dischargeable in the total sum of $39,140.00, plus interest at the rate of 12% per annum.

This the 10th day of May, 2011.

/s/ David W. Houston, III
DAVID W. HOUSTON, III
UNITED STATES BANKRUPTCY JUDGE